UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUPER 8 WORLDWIDE INC., <br><br> **Plaintiff,** <br> v. <br><br> NIRGAM ENTERPRISES, LLC and NAVNIT PATEL, <br><br> **Defendants.** | Civ. No. 2:11-CV-06447 (WJM) <br><br> OPINION |

### WILLIAM J. MARTINI, U.S.D.J.

This matter comes before the Court on Poser Investments, Inc.'s, assignee of Super 8 Worldwide, Inc., ("Poser") motion for turnover of funds and defendants Nirgam Enterprises, LLC and Navnit Patel's ("Defendants") cross motion to vacate the default judgment and judgment for attorneys' fees and costs, motion to dissolve the writ of execution, and motion to stay the North Carolina State Court Proceedings. Having considered the parties' submissions, the Court decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b); L. Civ. R. 78.1(b). For the reasons set forth below, the Court **GRANTS** Poser's motions to turn over funds and **DENIES** Defendants' cross-motions to vacate.

### I. BACKGROUND

Plaintiff Super 8 Worldwide, a large guest lodging facility franchise, filed its complaint against Defendants on November 2, 2011, alleging that Defendants violated a franchise agreement by, among other things, failing to operate their facilities in accordance with Plaintiff's standards. ECF No. 1. Summons were properly executed against all Defendants on January 25, 2012, and January 26, 2012. ECF Nos. 5-7. After failing to appear or respond in any way, Plaintiff filed for default, which was entered by the Clerk of the Court against Defendants on April 22, 2012 for their failure to plead or otherwise defend in this action. ECF No. 9. Plaintiff then filed for a default judgment against Defendants Nirgam Enterprises and Navnit Patel with this Court, which was granted on May 4, 2012 in the amount of $697,097.86. ECF Nos. 10, 11. On July 19, 2012, this Court entered a supplemental judgment for attorneys' fees and costs in the sum of $20,369.26 in favor of Plaintiff. ECF No. 14.

On August 16, 2017, over 5 years after default judgment was entered, a notice was filed by Poser Investments, Inc., informing the Court that Plaintiff Super 8 Worldwide

had assigned its judgment for $697,097.86 in default and $20,369.26 in attorneys' fees and costs against Defendants to Poser. ECF Nos. 15,16. On June 29, 2022, in response to a request by Poser Investments, the United States Marshalls had an officer levy upon all accounts of Defendant Navnit Patel at TD Ameritrade. ECF No. 18.

## II. PROCEDURAL HISTORY

On August 1, 2022 Poser Investments filed a motion for release of funds requesting that the Court enter an order directing TD Ameritrade to pay over to Poser Investments all monies due from Navnit Patel and that the Marshalls similarly levy on such monies. ECF No. 19. On September 1, 2022, for the first time since this case began in 2011, a counsel on behalf of Defendants filed a notice of appearance. ECF No. 20. Defendants filed a motion to: (1) vacate the default judgment and related judgment for attorneys' fees and costs; (2) dissolve any and all writs of execution entered thereon; (3) oppose Poser's motion for turnover of funds; (4) and request that this Court stay collection proceedings in North Carolina state court during the pendency of the instant motions. ECF No. 23. Poser filed its reply brief on October 10, 2022. ECF No. 25.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 69 governs the applicable procedure to enforce a money judgment. Rule 69 states in relevant part:

> A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

Fed. R. Civ. P. 69(a)(1). New Jersey law controls the procedure on execution. "While New Jersey state procedural law governs writs of execution pursuant to Federal Rule of Civil Procedure 69, the Rule 'does not require strict adherence to state procedural law.'" *Sec. & Exch. Comm'n v. Brogdon*, No. 15-8173, 2020 WL 10964594, at *2 (D.N.J. Nov. 18, 2020 (quoting *Mitchell v. Lyons Pro. Servs., Inc.*, 727 F. Supp. 2d 120, 121 (E.D.N.Y. 2010)). New Jersey law requires that writs of execution be used to enforce judgments. *See* N.J. Ct. R. 4:59-1(a) (2020). New Jersey law also provides:

> [a]fter a levy upon a debt due or accruing to the judgment debtor from a third person, herein called the garnishee, the court may upon notice to the garnishee and the judgment debtor, and if the garnishee admits the debt, direct the debt, to an amount not exceeding the sum sufficient to satisfy the

> execution, to be paid to the officer holding the execution or the receiver appointed by the court, either in 1 payment or in installments as the court may deem just.

N.J. Stat. Ann. § 2A:17-63 (2022). Put simply, after a levy is placed on a debt of a judgment-debtor, and after the garnishee admits to the debt, the court may issue the payment of all of the debt held by the garnishee. *Id.*

Furthermore, Federal Rule of Civil Procedure 60(b) lists six reasons for which a "court may relieve a party or its legal representative from a final judgment, order, or proceeding," which includes: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Motions made under Rule 60(b) must be "made within a reasonable time." Fed. R. Civ. P. 60(c)(1).

## IV. DISCUSSION

### A. Turnover of Funds

The Court first addresses Poser's motion to turnover funds associated with Defendant Navnit Patel's TD Ameritrade account. To obtain an order to turn over funds, a plaintiff must follow the proper procedure. "The prerequisite to the entry of a turnover order is the issuance of a writ of execution for the purpose of a levy." *In re Paul*, No. 12-7866, 2013 U.S. Dist. WL 3446994, at *2 (D.N.J. Jul. 9, 2013) (citing N.J. Stat. Ann. § 2A:18-27). A writ of execution "shall remain valid and effective for the purpose of a levy, and shall be operative and effective against any goods and chattels levied upon, for two years from the date of its issuance, unless sooner satisfied." N.J. Stat. Ann. § 2A:18-27. The judgment-creditor must thereafter move for a turnover order, which a court must grant "when 'there has been a levy on a debt due [to] a judgment debtor and the garnishee admits the debt.'" *Paul*, 2013 U.S. Dist. 2013 WL 3446994, at *2 (quoting *PRA III, LLC v. Capital One, N.A.*, No. A-0453-08T3, 2009 N.J. Super. Unpub. 2009 WL 2176656, at *9 (N.J. Super. Ct. App. Div. 2009) (internal quotation marks omitted) (quoting N.J. Stat. Ann. § 2A:17-63)).

Poser followed the proper procedures to compel the turnover of funds. On June 29, 2022, the U.S. Marshal executed a writ of execution on Defendant Navnit Patel's TD Ameritrade account. ECF No. 18. Poser then filed a motion to turn over funds on August 1, 2022. ECF No. 19. Finally, TD Ameritrade, as garnishee, admitted the existence of the debt within the meaning of N.J. Stat. Ann. § 2A:18-27 by failing to object to turning over the funds. "[W]here the garnishee does not expressly admit the debt but fails to deny it or stands without answer upon that question at the hearing, the failure to deny it is tantamount

to an admission of its existence within the meaning of the statute." *PRA III*, 2009 N.J. Super. Unpub. 2009 WL 2176656, at *10 (quoting *Beninati v. Hinchliffe*, 126 N.J.L. 587, 589, 20 A.2d 64 (E. & A. 1941)). "If service is properly made and no objection is filed by the debtor or the garnishee, the turnover order should be granted as a matter of course." *Morristown Mem. Hosp. v. Caldwell*, 340 N.J. Super. 562, 775 A.2d 34 (N.J. Super. Ct. App. Div. 2001). Therefore, Poser is entitled to have the funds turned over.

### B. Motions to Vacate Judgments

Defendants have not argued that Poser followed an improper procedure in its motion to turn over funds, but rather that the default judgment and related judgment for attorneys' fees and costs should be vacated because: (1) Defendants have meritorious defenses regarding failure to mediate and statute of limitations; and (2) the record is allegedly void of any evidence that Defendant Navnit Patel violated the Lanham Act. However, as a preliminary matter, Defendants have failed to show that they are entitled to be relieved of this Court's final default judgment entered on June 5, 2012. ECF No. 11.

Federal Rule of Civil Procedure 60(b) lists 6 reasons a court may relieve a party of a final judgment. The first 3 reasons, (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; and (3) fraud, must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c). Defendants file this motion to vacate nearly 11 years after the entry of judgment. The remaining 3 reasons include: (4) the judgment is void, (5) the judgment has been satisfied, released, or discharged; and (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). To make these remaining arguments, Defendants must have done so "within a reasonable time."

Defendants do not contend that a nearly 11-year delay is "within a reasonable time," but rather argues that the delay was excusable. Defendant Patel provided a list of excuses[1], none of which the Court finds persuasive. Interestingly, Defendant Patel points to feeling "financially and emotionally overwhelmed" at the time of this lawsuit in 2011 which led to him being "mentally crushed" and not having "the financial or emotional means of defending himself against this lawsuit." Defendant Patel essentially submits that he was aware of this action at the time it was filed and choose not to participate or respond in any way due to his mental state at the time. As Poser correctly points out, the length of delay, nearly 11 years, is extraordinary. Defendants' motion to vacate the default judgment and related judgment for attorneys' fees and costs is **DENIED**. Furthermore, Defendants' request to stay the North Carolina state court proceedings is **DENIED** as **MOOT**.

### V. CONCLUSION

---

[1] Defendants discussed the cultural shame Navnit Patel felt in his inability to support his family, which caused his undiagnosed depression. It was this depression, he argues, that made him "emotionally overwhelmed" and "effectively immobilized from a financial standpoint." On top of this, Patel points to an unidentified illness his daughter suffered in 2012, which allegedly continues to this day but is somehow no longer an impediment to his filing of this present motion.

For the reasons set forth above, Poser's motion is **GRANTED** and Defendants' cross motions are **DENIED**.

An appropriate Order shall follow.

                                                                      WILLIAM J. MARTINI, U.S.D.J.

**Date: January 30, 2023**